UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
EDDIE A. MORALES,              :
                              :    Civil Action No. 07-5748(NLH)
          Petitioner,         :
                              :
          v.                  :    OPINION
                              :
STATE OF NEW JERSEY,          :
                              :
          Respondent.         :
```

**APPEARANCES:**

> EDDIE A. MORALES, Petitioner pro se
> # 196628/3NB
> Camden County Correctional Facility
> 330 Federal Street
> Camden, New Jersey 08103

**HILLMAN**, District Judge

This matter is before the Court on petitioner Eddie A. Morales' petition for habeas corpus relief under 28 U.S.C. § 2241. For the reasons set forth below, the petition will be dismissed without prejudice.

I.   BACKGROUND

According to the allegations contained in the petition, petitioner, Eddie A. Morales ("Morales"), is presently confined at the Camden County Correctional Facility in Camden, New Jersey, awaiting adjudication of state criminal charges against him. (Petition at ¶¶ 2, 3, 7 and 9). Morales has been charged with several counts of drug-related offenses and resisting arrest. (Petition at ¶ 5). He alleges that he was coerced by the Camden County Public Defender to plead "guilty" on two of the three

indictments against him.  He admits that there has been no trial,
or sentencing, and that he has not appealed any judgment of
conviction or sentence at this time.  He claims that he has
requested discovery and was not provided anything.  Morales also
alleges that he was denied a prompt judicial determination of
probable cause and was denied a speedy trial and due process.

In addition to the federal constitutional claims, Morales
further asserts that his incarceration violates international law
under the "International Covenant on Civil & Political Rights,"
the "Convention Against Torture," the "International Convention
on the Elimination of All Forms of Racial Discrimination," and
the "Universal Declaration of Human Rights."  (Petition, ¶ 13C,
Ground C).

It appears from the petition that Morales may be seeking his
release from confinement before any adjudication of guilt or
sentencing based on his claims that he has been denied due
process and a speedy trial.

## II.  ANALYSIS

A.  Standards for Sua Sponte Dismissal

United States Code Title 28, Section 2243 provides in
relevant part as follows:

> A court, justice or judge entertaining an application
> for a writ of habeas corpus shall forthwith award the writ
> or issue an order directing the respondent to show cause
> why the writ should not be granted, unless it appears from
> the application that the applicant or person detained is
> not entitled thereto.

2

Morales brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  Jurisdiction

Jurisdiction to issue a writ of habeas corpus before a judgment of conviction is rendered in a state criminal proceeding lies under 28 U.S.C. § 2241(c)(3).  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975).  To invoke habeas corpus review under § 2241, the petitioner must satisfy two jurisdictional requirements: (1) the status requirement that the person be "in custody," and (2) the substance requirement that the petition challenge the legality of that custody on the ground

that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  Although Morales may be sufficiently "in custody" at this time to attack the New Jersey charges against him, it is clear that habeas relief is not warranted.  In other words, while Morales may meet the status requirement, he cannot sustain the substance requirement that would entitle him to habeas relief under § 2241(c)(3).

C.   Exhaustion Analysis

Section 2241 petitioners are not statutorily required to exhaust state court remedies, but "an exhaustion requirement has developed through decisional law, applying principles of federalism."  Moore v. DeYoung, 515 F.2d at 442.  Nevertheless, while this Court has jurisdiction under § 2241 to entertain Morales' pretrial habeas petition, relief is not warranted where "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to state criminal charges prior to a judgment of conviction by a state court."  Braden, 410 U.S. at 489 (quoting Ex Parte Royall, 117 U.S. 241, 253 (1886)).

In Moore v. DeYoung, supra, a New Jersey pretrial detainee filed a habeas petition in this federal district court asserting

denial of the right to a speedy trial and seeking discharge from custody and an injunction against New Jersey criminal proceedings, similar to Morales' petition in the instant case. The district court granted pretrial habeas relief, however, the United States Court of Appeals for the Third Circuit reversed on the grounds that the petitioner had not exhausted the merits of his speedy trial claim before the New Jersey courts, and the alleged denial of a speedy trial is not an extraordinary circumstance warranting pretrial habeas relief.  Moore, 515 F.2d at 447.  As to exhaustion, the Court of Appeals found that:

> Moore did not exhaust his state court remedies prior to application for federal habeas corpus relief.  This issue is still available to Moore as an affirmative defense at trial and thereafter, on appellate review.  Indeed, the trial court expressly recognized that additional evidence as to prejudice on the issue of delay could be adduced at trial.

Id. at 445.

The Court of Appeals expressly rejected the petitioner's argument that the constitutional right to a speedy trial is an extraordinary circumstance which bars not only a conviction for the underlying offense but a trial for that offense, finding that

> From the premise that he has a right not to stand trial, Moore proceeds to the conclusion that, to avoid the threatening state trial, there must be some pre-trial forum (if not a state forum, then a federal forum) to test the merits of his constitutional claim.  Otherwise, he argues, he would be required to undergo the rigors of trial to vindicate his claim that the state court can no longer bring him to trial. ...
>
> We are not prepared to hold that either the chronology of events leading to this prosecution or the alleged denial of

5

Moore's right to a speedy trial, constitutes such
"extraordinary circumstances" as to require federal
intervention prior to exhaustion of state court remedies.
We perceive nothing in the nature of the speedy trial right
to qualify it as a per se "extraordinary circumstance."  We
know of no authority, either pre- or post-Braden, supra,
that excepts or singles out the constitutional issue of
speedy trial as an extraordinary circumstance sufficient to
dispense with the exhaustion requirement.  To the contrary,
the cases in which the speedy trial claim has been raised in
a pre-trial habeas context have granted the writ only after
exhaustion on the merits in the state courts.

Id. at 446.

The Court of Appeals accordingly reversed the order granting

pretrial relief to Moore.  "Moore having failed to exhaust his

state remedies on the merits and having failed to present an

'extraordinary circumstance' which would warrant pre-trial, pre-

exhaustion habeas corpus relief, we conclude that the district

court erred as a matter of law in granting Moore's petition."

Id. at 447.

Here, Morales essentially argues that the State of New

Jersey has violated his Speedy Trial rights under the United

States Constitution by failing to bring him to trial in a timely

manner, as well as his right to due process and fundamental

fairness under the Fourteenth Amendment.[1]  The Sixth Amendment of

the United States Constitution provides: "In all criminal

---

[1]  Morales also asserts a violation of his rights under
foreign treaties that are inapplicable to him because he does not
claim to be an alien or non-citizen of the United States.
Morales further alleges a claim of ineffective assistance of
counsel that has not been presented, let alone exhausted, in his
pending state criminal proceeding.

prosecutions, the accused shall enjoy the right to a speedy and public trial ..." U.S. Const. amend. VI.  However, the Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." United States v. MacDonald, 435 U.S. 850, 861 (1978).

This Court need not determine whether the State of New Jersey violated the Fourteenth Amendment or the Sixth Amendment Speedy Trial Clause because Morales has not exhausted any of these claims before the New Jersey courts.  While he may have attempted to file motions or other petitions in his state criminal trial proceeding, he has not exhausted the merits of his speedy trial and due process claims before the New Jersey Appellate Division or New Jersey Supreme Court.  As the Court of Appeals explained in Moore,

> Petitioner ... will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented.  These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-27 (5th Cir.), cert. denied, 484 U.S. 956 (1987); Atkins v. State of Michigan, 644 F.2d 543, 545-

47 (6th Cir.), <u>cert</u>. <u>denied</u>, 452 U.S. 964 (1981); <u>Carden v. State</u>
<u>of Montana</u>, 626 F.2d 82 (9th Cir.), <u>cert</u>. <u>denied</u>, 449 U.S. 1014
(1980).

     Therefore, because Morales has failed to exhaust his speedy
trial, due process, and ineffective assistance of counsel claims
before the New Jersey state courts, habeas relief is not
warranted under § 2241 on these grounds, and the petition will be
dismissed without prejudice.[2]

_____

     [2]  Morales has not demonstrated that there is an absence of
available state corrective processes.  <u>See</u> 28 U.S.C.
§ 2254(b)(1).  <u>See also</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982);
<u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997), <u>cert.</u>
<u>denied</u>, 532 U.S. 919 (2001).  Exhaustion of state remedies has
been required for more than a century, since the Supreme Court's
decision in <u>Ex parte Royall</u>, 117 U.S. 241 (1886).  The exhaustion
doctrine was first codified at 28 U.S.C. § 2254 in 1948, <u>see</u> <u>Rose</u>
<u>v. Lundy</u>, 455 U.S. 509, 516-18 (1982), and was the subject of
significant revisions in the Antiterrorism and Effective Death
Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24,
1996).  The exhaustion requirement is intended to allow state
courts the first opportunity to pass upon federal constitutional
claims, in furtherance of the policies of comity and federalism.
<u>Granberry v. Greer</u>, 481 U.S. 129 (1987); <u>Rose</u>, 455 U.S. at 516-
18.  Exhaustion also has the practical effect of permitting
development of a complete factual record in state court, to aid
the federal courts in their review.  <u>Rose</u>, 455 U.S. at 519.

III.  <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.[3] A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

---

[3]  Although Morales' petition seeking pretrial habeas relief it is appropriately characterized as a habeas petition under 28 U.S.C. § 2241(c)(3), a certificate of appealability is still required because the final order in this habeas proceeding denies relief from a "detention complained of aris[ing] out of process issued by a State Court."  28 U.S.C. § 2253(c)(1)(A).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, this Court finds that Morales has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  The Court therefore will dismiss this habeas petition without prejudice.

No certificate of appealability will issue, insofar as Morales has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).


<u>  s/Noel L. Hillman        </u>
NOEL L. HILLMAN
United States District Judge

DATED: December 14, 2007

At Camden, New Jersey

10